http://www.va.gov/vetapp16/Files3/1626420.txt

Citation Nr: 1626420 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 11-15 033A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina

THE ISSUE

Entitlement to an initial evaluation in excess of 50 percent for migraine headaches on an extra-schedular basis.

REPRESENTATION

The Veteran is represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Sean G. Pflugner, Counsel

INTRODUCTION

The Veteran served on active duty from June 1989 to August 2009.

This case is before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

In an October 2014 decision, the Board determined that the Veteran's headaches warranted the maximum schedular evaluation of 50 percent throughout the period of the claim and that referral of the claim for extra-schedular consideration was not warranted. The Veteran appealed this decision to the U.S. Court of Appeals for Veterans Claims (Court). In a December 2015 memorandum decision, the Court found that the Board failed to provide adequate reasons and bases for it determination that the Veteran's claim did not warrant referral for extra-schedular consideration. Consequently, the Court vacated the Board's October 2014 decision insofar as it concerned rating the Veteran's service-connected migraine headaches on an extra-schedular basis. The Court remanded this aspect of the Veteran's claim to the Board for consideration consistent with the December 2015 memorandum decision.

REMAND

The Board finds that the disability picture associated with the Veteran's service-connected migraine headaches is not adequately contemplated by the Rating Schedule and, thus, a referral for extra-schedular consideration is warranted after additional development of the evidence. 38 C.F.R. § 3.321(b) (2015); see Thun v. Peake, 22 Vet. App. 111, 115 (2008), aff'd, 572 F.3d 1366 (2009); Johnson v. Shinseki, 26 Vet. App. 237, 246 (2013) (en banc).

Accordingly, this case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions:

1. Schedule the Veteran for a Social and Industrial Survey. The VA Social and Industrial surveyor is requested to opine as to effects of the Veteran's service-connected migraine headaches. All pertinent evidence of record must be made available to and reviewed by the VA Social and Industrial surveyor.

The VA Social and Industrial surveyor is requested to:

 a) Describe the Veteran's employment history; and

 b) Provide a full description of the effects, to include all associated limitations, of the Veteran's service-connected migraine headaches on his daily activities, to include his employability, taking into consideration his level of education, any special training, and previous work experience, but not his age or any impairment caused by nonservice-connected disabilities.

2. Then, the RO or the AMC should refer the claim to the Director of Compensation Service for a determination of whether a rating in excess of 50 percent for migraine headaches is warranted on an extra-schedular basis.

3. Once the above actions have been completed, the AOJ must re-adjudicate the Veteran's claim. If the benefit sought on appeal is not granted to the Veteran's satisfaction, a supplemental statement of the case must be provided to the Veteran and his representative and they should be afforded the requisite opportunity to respond before the appeal is returned to the Board for further appellate action.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).